UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YESSUH SUHYES HUSSEY,

                Plaintiff,

-against-

BETH ISRAEL MEDICAL CENTER; NYPD OFFICE JANE DOE/JOHN DOE; NYPD OFFICER JANE DOE/JOHN DOE; HOSPITAL PHYSICIAN JANE DOE/JOHN DOE; AMBULANCE DRIVER JANE DOE/JOHN DOE,

                Defendants.

23-CV-4377 (LTS)

ORDER DIRECTING PRISONER AUTHORIZATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently detained in the Eric M. Taylor Center, on Rikers Island, brings this action *pro se* and seeks to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Plaintiff originally filed this action in the United States District Court for the Eastern District of New York,[1] and at the time he filed this action in the Eastern District of New York, he was detained as a "prisoner" at the Anna M. Kross Center on Rikers Island.[2] (*See* ECF 1.) After filing this action in the Eastern District, Plaintiff was released from custody. On March 22, 2023, the Eastern District directed Plaintiff to submit an IFP application, but it did not direct him to submit a prisoner authorization, likely because he was no longer in custody. (ECF 2.) On April 10, 2023, the Eastern District received Plaintiff's IFP application. (ECF 4.) By order dated May

---

[1] *See Hussey v. Beth Israel Medical Ctr.*, No. 23-CV-2181 (PKC) (LB) (E.D.N.Y. May 16, 2023). This case is one of the 60 cases Plaintiff has filed in the Eastern District in recent months, including 43 cases filed on the same day.

[2] A prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." 28 U.S.C. § 1915A(c).

16, 2023, the Eastern District transferred the action to this court and stated that the decision on Plaintiff's IFP application was reserved for this court. (ECF 5.)

The Court has learned that Plaintiff is again in the custody of the New York City Department of Correction.[3] Because Plaintiff is a prisoner, and was a prisoner at the time he filed the complaint, and because he did not submit a prisoner authorization with his complaint, as set forth below, the Court directs him to do so.

## DISCUSSION

To proceed with a civil action in this Court, a prisoner must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request permission to proceed without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore also authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[4] from the prisoner's account in installments and to send to this Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Plaintiff submitted an IFP application, but he did not submit a prisoner authorization. Within 30 days of the date of this order, Plaintiff must either pay the $402.00 in fees or complete

---

[3] *See* https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf (last visited June 5, 2023).

[4] The $52.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

and submit the attached prisoner authorization. If Plaintiff submits the prisoner authorization, it should be labeled with docket number 23-CV-4377 (LTS).[5]

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 5, 2023
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge

---

[5] Plaintiff is cautioned that if a prisoner files a federal civil action that is dismissed as frivolous or malicious, or for failure to state a claim on which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fees at the time of filing any new action.