UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YESSUH SUHYES HUSSEY,

                    Plaintiff,

          -against-

BETH ISRAEL MEDICAL CENTER; NYPD
OFFICER JANE DOE/JOHN DOE; NYPD
OFFICER JANE DOE/JOHN DOE; HOSPITAL
PHYSICIAN JANE DOE/JOHN DOE;
AMBULANCE DRIVER JANE DOE/JOHN
DOE,

                    Defendants.

23-CV-4377 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff, who is currently detained in the Eric M. Taylor Center on Rikers Island, brings

this action under 42 U.S.C. § 1983.[1] Named as Defendants are Beth Israel Medical Center; two

John/Jane Doe New York City Police Department ("NYPD") officers; a John/Jane Doe

physician; and a John/Jane Doe ambulance driver. Plaintiff originally filed this action in the

United States District Court for the Eastern District of New York. *See Hussey v. Beth Israel Med.*

*Ctr.*, No. 23-CV-2181 (PKC) (LB) (E.D.N.Y. May 16, 2023). This case is one of 60 cases

Plaintiff filed in the Eastern District in recent months, including 43 cases filed on the same day.

On May 16, 2023, the Eastern District transferred this action to this court. (ECF 5.) By order

dated July 11, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"),

that is, without prepayment of fees.[2]

---

[1] Plaintiff was detained in the Anna M. Kross Center on Rikers Island at the time he filed
this action.

[2] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1). Plaintiff did not submit a
prisoner authorization with the complaint. By order dated June 5, 2023, the Court directed

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must

---

Plaintiff to either pay the $402.00 in fees or submit a prisoner authorization. (ECF 7.) The Court received Plaintiff's prisoner authorization on June 26, 2023.

accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint. On June 12, 2019, Plaintiff was "falsely arrested then sent to Beth Israel Medical Center then diagnosed with bipolar disorder because [he] expressed that [he] was constantly being harmed by the officer[s] then sent to hospitals." (ECF 1, at 2.)

Plaintiff describes his injuries as "medical cruelty, mental cruelty due to several involuntary visits, that cost [him] another customer, and affected [his] relationship with [his] woman . . . because she started thinking [he] was cheating on her." (*Id.*)

As relief, Plaintiff seeks "a new arrangement and a court order to the stated NYPD & hospitals . . . to leave me out of their settings[.]" (*Id.*)

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### A.    Timeliness

It appears that Plaintiff's claims are time-barred. The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*,

488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R.

§ 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of

the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Here, Plaintiff alleges that he was arrested and taken to the hospital on June 12, 2019. He did not

file the complaint in this action until February 16, 2023, more than three years and eight months

after his claims accrued.

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to]

make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S.

Lines, Inc*., 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be

equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact

that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego

a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83. In addition,

New York law provides that where a person "is under a disability because of . . . insanity at the

time the cause of action accrues," the applicable statute of limitations will be tolled. N.Y.

C.P.L.R. § 208; *Gardner v. Wansart*, No. 05-CV-3351, 2006 WL 2742043, at *5 n.4 (S.D.N.Y.

Sept. 25, 2006) (although mental illness is on its own insufficient for equitable tolling purposes,

tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable

to protect [his] legal rights because of an overall inability to function in society"). New York also

provides by statute for other circumstances in which a limitations period may be tolled. *See, e.g.,*

N.Y. C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at

§ 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-

arbitrable), *id*. at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at

§ 208 (plaintiff is disabled by infancy or insanity), *id*. at § 210 (death of plaintiff or defendant).

Plaintiff does not provide any facts suggesting that the statute of limitations should be equitably tolled in this case. Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." (internal quotation marks and citation omitted)); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

The Court therefore grants Plaintiff 60 days' leave to replead his claims in an amended complaint alleging facts showing that his claims are timely or that equitable tolling should apply.

## B.      Private Defendants

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Defendant Beth Israel Medical Center is a private hospital, and therefore cannot be held liable under Section 1983. *See McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (finding

that a private hospital and its staff are not state actors under Section 1983 when they involuntarily commit a plaintiff to a psychiatric hospital under New York's Mental Hygiene Law); *White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010) (summary order) (noting that private institutions, such as hospitals, generally do not act under color of state law); *Johnson v. City of New York*, No. 20-CV-3083, 2021 WL 4896477, at *9 (S.D.N.Y. Aug. 23, 2021) ("Although private hospitals are regulated by the state and required to obey state laws, they 'are generally not proper § 1983 defendants because they do not act under color of state law.'" (citation omitted)), *report & recommendation adopted*, 2021 WL 4479384 (S.D.N.Y. Sept. 30, 2021). Plaintiff therefore fails to state a Section 1983 claim against this defendant. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.     False Arrest

Plaintiff's allegations that he was arrested and taken to a hospital where he was diagnosed as bipolar suggest that he may be attempting to assert a claim that he was falsely arrested and taken to a mental health facility. "A [Section] 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (citations omitted); *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 925 (2017) ("[T]o flesh out the elements of [a] constitutional tort, we must look for 'tort analogies.'").

Under New York law, a plaintiff claiming false arrest must prove four elements: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) (citing *Broughton v. New York*, 37 N.Y.2d 451 (1975)). In the mental health context, New York law provides that a

police officer "may take into custody any person who appears to be mentally ill and is conducting himself or herself in a manner which is likely to result in serious harm to the person or others." N.Y. Mental Hyg. Law § 9.41.15.[3]

Probable cause to believe that the criteria for a mental health arrest under Section 9.41 has been met is a defense to a false arrest claim arising from such an arrest. *Kerman v. City of New York*, 261 F.3d 229, 235 n.8 (2d Cir. 2001) ("We interpret [N.Y. Mental Hyg. Law § 9.41] consistently with the requirements of the Fourth Amendment and therefore assume that the same objective reasonableness standard is applied to police discretion under this section."); *Tsesarskaya v. City of New York*, 843 F. Supp. 2d 446, 455-56 (S.D.N.Y. 2012). For a mental health arrest, "police officers must have 'reasonable grounds for believing that the person seized is dangerous to herself or others.'" *Guan v. City of New York*, 37 F.4th 797, 805 (2d Cir. 2022) (quoting *Anthony v. City of New York*, 339 F.3d 129, 137 (2d Cir. 2003)); *see Heller v. Bedford Cent. Sch. Dist.*, 144 F. Supp. 3d 596, 621-22 (S.D.N.Y. 2015) ("[A] showing of probable cause in the mental health seizure context requires only a probability or substantial charge of dangerous behavior, not an actual showing of such behavior." (citation omitted)), *aff'd*, 65 F. App'x 49 (2d Cir. 2016).

---

[3] New York's mental health statute defines the phrase "likely to result in serious harm" as:

> (a) a substantial risk of physical harm to the person as manifested by threats of or attempts at suicide or serious bodily harm or other conduct demonstrating that the person is a danger to himself or herself, or (b) a substantial risk of physical harm to other persons as manifested by homicidal or other violent behavior by which others are placed in reasonable fear of serious physical harm.

N.Y. Mental Hyg. Law § 9.01.

If "the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest," the arrest is privileged, and the plaintiff cannot state a claim for false arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest"). Where the facts surrounding the arrest are uncontroverted, the determination whether probable cause existed may be made by the court as a matter of law. *Weyant*, 101 F.3d at 852. Even where factual disputes exist, a Section 1983 claim may fail if the plaintiff's version of events is sufficient to establish probable cause to arrest. *Mistretta v. Prokesch*, 5 F. Supp. 2d 128, 133 (E.D.N.Y. 1998).

Here, Plaintiff's unadorned allegation that he was "falsely arrested" and taken to a hospital is insufficient to state a plausible Section 1983 claim for false arrest. Plaintiff provides no context for his arrest and subsequent hospitalization, nor does he allege any facts suggesting that the arresting officer or officers lacked probable cause for the arrest. The Court grants Plaintiff leave to file an amended complaint alleging additional facts in support of his claim for false arrest.

### D.    Claims under State Law

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal

claims of which the Court has original jurisdiction, the Court declines to exercise its

supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New*

*York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms

the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522

U.S. 156, 173 (1997))).

### E.    Leave to Amend

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.

USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

additional facts to state a valid Section 1983 claim for false arrest and to demonstrate that

equitable tolling should apply, the Court grants Plaintiff 60 days' leave to file an amended

complaint to detail his claims.

Plaintiff must name as the defendant(s) in the caption[4] and in the statement of claim those

individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does

---

[4] The caption is located on the front page of the complaint. Each individual defendant
must be named in the caption. Plaintiff may attach additional pages if there is not enough space
to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all
defendants, he should write "see attached list" on the first page of the Amended Complaint. Any
defendants named in the caption must also be discussed in Plaintiff's statement of claim.

not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[5] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

---

[5] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

Plaintiff may consult the legal clinic in this District that assists people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007. Once the paperwork is received, the Clinic will coordinate contact with the litigant. Once the paperwork is received, it may take up to two weeks for the Clinic to contact the litigant. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

## CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief may be granted and as untimely. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 60 days' leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-4377 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff

fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment consistent with this order.

Copies of the NYLAG Clinic's flyer, retainer, and intake form are attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:     August 7, 2023
               New York, New York

<div style="text-align: right;">

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

</div>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:   ☐ Yes     ☐ No
                  (check one)

___ Civ. _____ (    )

I.      **Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's          Name_____
                        ID#_____
                        Current Institution_____
                        Address_____
                        _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No.  1      Name _____ Shield #_____
                           Where Currently Employed _____
                           Address _____
                           _____

Defendant  No. 2        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant  No. 3        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

---

**Who did
what?**

---

Defendant  No. 4        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant  No. 5        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____


## II.      Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the
caption of this complaint is involved in this action, along with the dates and locations of all relevant events.
You may wish to include further details such as the names of other persons involved in the events giving
rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims,
number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.      In what institution did the events giving rise to your claim(s) occur?

_____
_____


B.      Where in the institution did the events giving rise to your claim(s) occur?

_____


C.      What  date  and  approximate  time  did  the  events  giving  rise  to  your  claim(s)  occur?

_____
_____
_____


D.      Facts:_____

---

**What
happened
to you?**

---

_____
_____
_____
_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

> **Was anyone else involved?**

_____
_____
_____
_____
_____
_____

> **Who else saw what happened?**

## III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

        Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

       Yes _____     No _____     Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

       Yes _____     No _____     Do Not Know _____

       If YES, which claim(s)?
       _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

       Yes _____     No _____

       If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

       Yes _____     No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
       _____

       1.      Which claim(s) in this complaint did you grieve?
         _____

         _____

       2.      What was the result, if any?
         _____

         _____

       3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
         _____
         _____
         _____
         _____

F.      If you did not file a grievance:

       1.      If there are any reasons why you did not file a grievance, state them here:
         _____
         _____
         _____

_____
_____
_____

      2.     If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

<u>Note</u>:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

_____

_____

**VI.     Previous lawsuits:**

<div style="float:left; border:1px solid black; padding:4px">On<br>these<br>claims</div>

A.     Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

       Yes _____  No _____

B.     If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

       1.     Parties to the previous lawsuit:

       Plaintiff _____
       Defendants _____

       2. Court (if federal court, name the district; if state court, name the county) _____
       _____

_____ 3.     Docket or Index number _____

_____ 4.     Name of Judge assigned to your case_____

       5.     Approximate date of filing lawsuit _____

       6.     Is the case still pending?  Yes _____  No _____

              If NO, give the approximate date of disposition_____

       7.     What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
              _____
              _____

<div style="float:left; border:1px solid black; padding:4px">On<br>other<br>claims</div>

C.     Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

       Yes _____  No _____

D.     If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

       1.     Parties to the previous lawsuit:

       Plaintiff _____
       Defendants _____

       2.     Court (if federal court, name the district; if state court, name the county) _____
       _____

_____ 3.     Docket or Index number _____

_____ 4.     Name of Judge assigned to your case_____

       5.     Approximate date of filing lawsuit _____

*Rev. 01/2010*                                6

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
_____
_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff    _____

Inmate Number     _____

Institution Address    _____

_____

_____

_____

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:  _____



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



# NYLAG
## New York Legal Assistance Group

## LEGAL CLINIC FOR PRO SE LITIGANTS IN THE SOUTHERN DISTRICT OF NEW YORK

LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

### I. LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future. If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

### II. FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

**III. TERMINATION OF ASSISTANCE**

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time.  NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

**IV. CONFIDENTIALITY**

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

**V.  REVIEW AND CONSENT**

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.


_____                    _____
Signature                                           Date




**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

Revised 10/30/22

**NY LAG**
New York Legal Assistance Group

**Name** _____     **Date of Birth** _____

**Facility** _____

**Identification #** _____     **Email (if available)** _____

**How did you hear about our clinic? (Circle One)**

Pro Se Intake Office                 Order/Letter from the Judge              Conference/Hearing with the Judge

Pro Se Information Package           Website                                   Friend/Family

Other _____

**Ethnicity (Circle One)**

Asian/Pacific Islander               Hispanic                                 Caucasian

African American                     Middle Eastern                           Decline to Answer

African                              Caribbean

Native American                      South Asian

**Education Level (Circle One)**

8th Grade or Less                    GED                                      2-4 years of College/Vocational School

Some high school                     College graduate                         Decline to Answer

High school graduate                 Graduate degree

**Gender:** _____

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**